UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES CHRISTIAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ALLIANCE SOLUTIONS GROUP, LLC D/B/A TALENTLAUNCH,<br><br>        Defendant. | Case No.: 1:24-cv-00456-PAB<br><br>District Judge Pamela A. Barker<br><br>Magistrate Judge Jonathan D. Greenberg |
| STEVE BUYCK, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>TALENTLAUNCH, LLC, and ALLIANCE SOLUTIONS GROUP, LLC, all d/b/a TALENT LAUNCH,<br><br>        Defendants. | Case No.: 1:24-cv-00464-BMB<br><br>District Judge Bridget Meehan Brennan<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| CHARLES LELAND PERRY III, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ALLIANCE SOLUTIONS GROUP, LLC D/B/A TALENTLAUNCH,<br><br>        Defendant. | Case No.: 1:24-cv-00535-PAB<br><br>District Judge Pamela A. Barker<br><br>Magistrate Judge James E. Grimes, Jr. |

**PLAINTIFFS' UNOPPOSED JOINT MOTION TO CONSOLIDATE CASES**

## I. INTRODUCTION

Plaintiffs James Christian, Steve Buyck, and Charles Leland Perry III (collectively "Plaintiffs") are the Plaintiffs in the above-captioned first-, second-, and third-filed actions that relate to the same data breach. The Plaintiffs respectfully move this Court for an order consolidating *Christian v. Alliance Solutions Group, LLC d/b/a TalentLaunch*, No. 1:24-cv-00456 (N.D. Ohio), *Buyck v. TalentLaunch, LLC and Alliance Solutions Group, LLC, all d/b/a TalentLaunch*, No. 1:24-cv-00464 (N.D. Ohio), and *Perry v. Alliance Solutions Group, LLC d/b/a TalentLaunch*, No. 1:24-cv-00535 (N.D. Ohio) (collectively the "Related Actions"), pursuant to Fed R. Civ. P. 42(a), as well as any future related actions that may be filed in this Court, under the docket of the first-filed *Christian* action (No. 1:24-cv-00456) and under the new caption "*In re TalentLaunch Data Breach Litigation.*"

Consolidation of the Related Action is appropriate because they arise from the same nucleus of operative facts—a data breach at Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") that may have exposed the private and confidential information of at least 120,000 unwitting individuals—and assert similar and overlapping causes of action on behalf of similar and overlapping classes, seeking the same relief.

## II. BACKGROUND

Plaintiffs in these related actions generally allege the following: Defendant Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") is an Ohio company with its principal place of business in Independence, Ohio. TalentLaunch is a business-to-business service provider that assists small-to-mid-size companies with staffing and recruitment projects. In the ordinary course of conducting its business, TalentLaunch gathered and maintained certain categories of

information from Plaintiffs and putative class members across the U.S. in exchange for providing TalentLaunch's services, such as its assistance with those staffing and recruitment projects.

On May 31, 2023, TalentLaunch experienced a network disruption and detected an unauthorized presence on its network. By February 2, 2024, TalentLaunch determined that some of its files containing borrower-related information had been accessed or acquired by an unknown actor on May 31, 2023 (the "Data Breach"). By this time, TalentLaunch also determined the individuals and the information compromised in the Data Breach. According to its investigation and its Notice Letter distributed to Plaintiffs and putative class members, during the Data Breach, one or more unauthorized third parties accessed Class Members' sensitive data including, but not limited to, names and Social Security numbers. Plaintiffs allege they suffered various injuries as a result of TalentLaunch's failure to safeguard the sensitive protected identifying information and private health information entrusted to it.

To date, there have been three consumer class actions filed in this Court related to the Data Breach. Counsel in these Related Actions acted promptly to coordinate their efforts and to move the cases forward efficiently. Counsel now seek to consolidate these actions to streamline the efficient prosecution of this litigation.

### III. ARGUMENT

#### A. The Related Actions Should be Consolidated Under Rule 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the consolidation of cases sharing common questions of law or fact. Whether to do so is left to the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir., 1993). Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the

      actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). In determining whether consolidation is appropriate, the court must also balance the risks of prejudice and possible confusion against the risk of inconsistent adjudication of common issues, the burden on the parties, witnesses, and available judicial resources, and the time and expense of litigating multiple suits instead of one. *Cantrell*, 999 F.2d at 1011.

### 1. Common Questions of Law and Fact Predominate.

The Complaints in each of the Related Actions assert common causes of action against a common defendant (TalentLaunch) in response to the same alleged misconduct (TalentLaunch's alleged failure to adequately safeguard personal information). The Related Actions commonly seek certification of similar classes and allege that class members suffered similar harms as a result of TalentLaunch's alleged conduct.

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially because the Related Actions are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

Courts consistently find that data privacy cases are particularly appropriate for Rule 42 consolidation. *See, e.g.*, *Hiley v. CorrectCare Integrated Health, Inc.*, No. 5:22-cv-319-DCR, No. 5:23-021-DCR, 2023 WL 2167376 (E.D. Kent., Feb. 22, 2023) (Slip Copy); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases because even though there were "slight

4

distinctions in proposed class definitions and specific causes of action" the cases concerned the same data breach, which resulted in generally the same type of harm, to the same broad category of putative class members).

### 2. The Cases Face the Risk of Inconsistent Adjudications.

Courts may consolidate cases to avoid the risk of duplicative actions. *Kohus v. Toys "R" Us, Inc.*, No. C-1-05-517, C-1-05-671, 2006 WL 1476209, at *1 (S.D. Ohio, May 25, 2006). The Related Actions concern the same data breach. All three complaints allege the same claims, including negligence, negligence *per se*, breach of implied contract, and declaratory judgment. Additionally, the three lawsuits seek certification of the same classes. *See* No. 1:24-cv-00456 (Doc #: 1, ¶ 128) (defining the class as "[a]ll individuals in the United States who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach."); No. 1:23-cv-00464-BMB (Doc #: 1, ¶ 80) (defining the class as "[a]ll individuals residing in the United States whose PII was compromised in the Talent Launch Data Breach including all those who received notice of the breach."); No. 1:24-cv-00535-DAP (Doc #: 1, ¶ 147) (defining the class as "[a]ll individuals in the United States whose PII was impacted as a result of the Data Breach reported by Defendant in March 2024."). Absent consolidation, it is possible multiple overlapping classes could be certified which may lead to Defendant being responsible for more than one judgment for the same class. The potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications.

Moreover, all of the cases before this Court have the same procedural posture where the Complaints have been filed, but TalentLaunch has not yet responded. This is not a case where consolidation will result in the delay of an otherwise trial-ready action. *Kohus*, 2006 WL 1476209, at *1 ("Both cases are in the very early stages of litigation, and, there is no reason to think that

consolidating the cases for discovery and a Markman hearing would cause either [Plaintiff] or Defendants to bear any risk of prejudice or confusion). Plaintiffs and Defendant will experience very little prejudice, if any, by consolidating these cases. Therefore, this factor militates in favor of consolidation. *Id.*; *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (consolidation found appropriate where it would promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.).

### 3. The Burden Posed by Multiple Lawsuits is Substantial.

The burden on the Parties, the witnesses, and judicial resources will be substantially lessened by consolidation. Here, no plaintiff opposes consolidation, which augurs in favor of consolidation. *See Kohus*, 2006 WL 1476209, at *1 –*2; *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017) ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."). Consolidation will allow Plaintiffs to jointly prosecute the case, share discovery documents, and avoid the possibility of the Court certifying overlapping classes. The burden of maintaining separate lawsuits will be lessened by consolidation. *Kohus*, 2006 WL 1476209, at *1.

The undersigned have reached out to Defense counsel regarding this consolidation. Defendant does not oppose this motion to consolidate.

Lastly, judicial resources will be conserved by presiding over one consolidated case rather than multiple separate cases. It is likely that other similar cases will follow this one, given the size of the class. As such, consolidating these cases will reduce the number of motions, briefings, hearings, and trials before the Court.

### 4. Litigating Separate Actions Would Require More Time than Litigating a Consolidated Action.

Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933). Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Asamoah v. Amazon.com Services, Inc.*, No. 2:20-cv-3305, No. 2:21-cv-0003, 2021 WL 3637730, at *6 (S.D. Ohio, Aug. 17, 2021) (Slip Copy) (finding that, because the state and federal actions share numerous commonalities of fact, consolidation of the state and federal actions would promote efficiency and judicial economy); *see also Leprino Foods Co. v. DCI, Inc.,* No. 13-cv-02430-RM-KMT, 2015 U.S. Dist. LEXIS 2482, at *7-9 (D. Colo. Jan. 9, 2015) (the court found that the two actions involve common questions of law or fact and thus "consolidation of these two actions will avoid unnecessary costs and will promote judicial efficiency").

It is plainly understood that litigating multiple separate causes of actions versus one consolidated action would take substantially more time for the Court and the Parties. Ultimately, the most efficient way to handle the issues in these Related Actions would be to consolidate the cases.

### 5. The Expense of Multiple Trials Supports Consolidation.

Finally, the relative expense to all parties concerned—particularly with regard to discovery, as well as trial—is highly likely to be lessened by litigating in one consolidated case rather than litigating in separate cases. *See Asamoah*, 2021 WL 3637730, at *6.

7

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their motion and enter an order consolidating the Related Actions under the docket number of the first filed case, Case No.: 1:24-cv-00456, and under the title *In re TalentLaunch Data Breach Litigation*. Within 14 days of entry of an order granting consolidation, Plaintiffs will submit their applications for proposed Interim Class Counsel. A proposed order granting this relief is submitted herewith.

Dated: May 3, 2024                                          Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*

*Counsel for Plaintiffs Buyck and Perry and the Putative Class*

Samuel J. Strauss*
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
*sam@turkestrauss.com*
*raina@turkestrauss.com*

*Counsel for Plaintiff Buyck and the Putative Class*

Christopher Wiest (0077931)
**Chris Wiest, Attorney at Law, PLLC**
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
*chris@cwiestlaw.com*

        Mason A. Barney*
        Tyler J. Bean*
        **SIRI & GLIMSTAD LLP**
        745 Fifth Avenue, Suite 500
        New York, New York 10151
        Tel: (212) 532-1091
        E: *barney@sirillp.com*
        E: *tbean@sirillp.com*

        *Counsel for Plaintiff Christian and the Putative Class*

        Gary M. Klinger
        **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
        227 W. Monroe Street, Suite 2100
        Chicago, IL 60606
        Phone: (866) 252-0878
        *gklinger@milberg.com*

        *Counsel for Plaintiff Perry and the Putative Class*

        * Motion for admission *pro hac vice* forthcoming

## **CERTIFICATE OF SERVICE**

        I hereby certify that on May 3, 2024, I served the foregoing by electronic mail upon all counsel for Plaintiffs at the addresses given above, and upon counsel for Defendants at those given below:

Christopher G. Dean
Jennifer F. Phillips
McDonald Hopkins LLC
cdean@mcdonaldhopkins.com
jphillips@mcdonaldhopkins.com

        /s/ *Terence R. Coates*
        Terence R. Coates