# EXHIBIT
# 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456 <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MAG. JUDGE JONATHAN D. GREENBERG** |

## <u>SETTLEMENT AGREEMENT</u>

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and between (i) Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") and (ii) Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz ("Plaintiffs") both individually and on behalf of the Settlement Class, in the case of *In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio). TalentLaunch and Plaintiffs are collectively referred to herein as the "Parties." The Settlement Agreement is subject to Court approval and intended by the Settling Parties to resolve, discharge, and settle the Released Claims and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

## I.   FACTUAL BACKGROUND AND RECITALS

1.      On June 12, 2024, Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz filed a Consolidated Complaint against TalentLaunch related to a cyber security incident that TalentLaunch experienced in May 2023 (the "Data Incident"). Plaintiffs allege that TalentLaunch failed to adequately secure its network, and that as a result, cybercriminals were able to access TalentLaunch's network and steal sensitive personal information belonging to Plaintiffs and other putative class members.

2.      On August 7, 2024, following the exchange of Rule 408 discovery, the Parties jointly filed a Motion to Stay the Litigation pending Mediation. Subsequently, on November 6, 2024 the Parties attended a full day mediation with the Bruce Friedman, Esq. of JAMS mediation service at which the Parties did not reach an agreement. However, after further negotiations the following week, the Parties were able to reach a settlement in principle to resolve all claims arising from the Data Incident, including all claims Plaintiffs and Settlement Class Members have or may have had against TalentLaunch and related persons and entities, as set forth herein.

3.      This Settlement Agreement resolves the claims of Plaintiffs and putative Class Members related to the disclosure of their names, dates of birth, Social Security numbers, drivers' license numbers, state identification numbers, passport numbers, financial account information, digital signatures, medical information, health insurance information, biometric information, and mothers' maiden names ("Private Information") in the Data Incident.

4.      The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5.      TalentLaunch denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future. TalentLaunch contends that it has maintained and continues to maintain reasonable security information practices. Nevertheless, TalentLaunch desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed, or document created in relation to the Settlement Agreement, or negotiation or discussion thereof

is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

6.      The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

7.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

8.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.    **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

9.      "**Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class and to any authorities as may be required under the Class Action Fairness Act (the "CAFA Notice"), locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

10.     "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

11.     "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit A**.

12.    "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

13.    "**Class**" or "**Settlement Class**" means all individuals impacted by TalentLaunch's Data Incident, including all individuals who received notice of the Data Incident that occurred in May 2023. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) TalentLaunch's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

14.    "**Class Member**" or "**Settlement Class Member**" shall mean each member of the Settlement Class.

15.    "**Class Counsel**" shall mean Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Cassandra P. Miller of Strauss Borrelli PLLC; Brian Flick of DannLaw, and Tyler Bean of Siri Glimstad.

16.    "**Counsel**" or "**Counsel for the Parties**" means both Class Counsel and TalentLaunch's Counsel, collectively.

17.    "**Court**" shall mean United States District Judge Pamela A. Barker of the Northern District of Ohio who is presiding over this Litigation.

18.    "**Defendant**" or "**TalentLaunch**" means Alliance Solutions Group, LLC d/b/a TalentLaunch.

19.    "**Defendant's Counsel**" shall mean Christopher G. Dean, Jennifer F. Phillips, and Sydney K. Bell of McDonald Hopkins, LLC.

20.    "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final, which is thirty (30) days after the Court's grant of the Final Approval Order, assuming no appeals have been filed. If an appeal is filed, the Effective Date will become 30 days from when the appeal is finalized and a final judgment is entered in this case shall be conditioned on the occurrence of all the following events: (a) the Court has entered an Order of Preliminary Approval; (b) TalentLaunch has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 10; (c) the Court has entered the Judgment granting final approval to the settlement as set forth herein; and (d) the Judgment has become Final, as defined in ¶ 25.

21.    "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, as well as Service Awards for the Class Representatives.

22.    "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

23.    "**Final**" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Awards made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

24.    "**Final Approval Hearing**" means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving a Service Awards to the Class Representatives.

25.    "**Final Approval Order**" shall mean an order entered by the Court that:

   i.    Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

   ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

   iii.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

   iv.    Approves the Release provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

   v.    Reserves jurisdiction over the Settlement and this Settlement Agreement; and

   vi.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing. Attached as **Exhibit E.**

26.    "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

27.    "**Litigation**" shall mean the action captioned *In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio).

28.    "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit C** is the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

29.    "**Notice Deadline**" means the last day by which Notice may be issued to the Settlement Class Members, which shall be thirty (30) days after Preliminary Approval.

30. "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement must be filed with the Court, which shall be sixty (60) days after the Notice Date, or such other date as ordered by the Court.

31. "**Opt-Out Deadline**" or "**Exclusion Deadline**" is the last day on which a Settlement Class Member may file a written request to be excluded from the Settlement Class, which will be ninety (90) days after Preliminary Approval (which is also 60 days after the Notice Deadline), or such other date as ordered by the Court.

32. "**Out-of-Pocket Losses**" means out-of-pocket costs or expenses that a Settlement Class Member actually incurred that are supported by Reasonable Documentation. "Out-of-Pocket Losses" include things such as the purchase of identity protection services, credit monitoring services, or ID theft insurance different than the services and benefits offered by TalentLaunch, are fairly traceable to the Data Incident, and such expenses have not already been reimbursed by a third party.

33. "**Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

34. "**Parties**" shall mean Plaintiffs and Defendant, collectively.

35. "**Plaintiffs**" or "**Class Representatives**" shall mean the named class representatives, James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz.

36. "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

37. "**Private Information**" means names, dates of birth, Social Security numbers, drivers' license numbers, state identification numbers, passport numbers, financial account information, digital signatures, medical information, health insurance information, biometric information, mothers' maiden names, and additional personally identifiable information ("PII") and protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") that TalentLaunch collected and maintained, as those terms are defined by applicable data breach notification laws.

38. "**Released Claims**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

39. "**Released Parties**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

40. "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

41.     **"Remainder Funds"** means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and for settlement payments to Class Members. Often in class actions settlements, some number of class members submitting Valid Claims and who are then issued a settlement check fail to cash and/or deposit their settlement payments. The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly propose the entity or entities to the Court that will be the recipients of the *cy pres* distribution.

42.     **"Reminder Notice"** means a notice reminding Class Members to submit a claim, which may be mailed to Class Members within forty-six (46) days after the Notice Date to the extent Plaintiffs' Counsel believes that such Reminder Notice is appropriate. The Reminder Notice shall be in a form that is similar to the Short Notice approved by the Court.

43.     **"Service Awards"** shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement. The Service Awards requested in this matter will be $2,500 each to the Plaintiffs, subject to court approval.

44.     **"Settlement Administrator"** means, subject to Court approval, Kroll Settlement Administration LLC, an entity jointly selected and supervised by Class Counsel and TalentLaunch to administer the settlement.

45.     **"Settlement Class List"** means a list of each Settlement Class Member's full name, and current or last known address, which TalentLaunch or TalentLaunch's agent shall provide to the Settlement Administrator within fourteen (14) days of the entry of the Preliminary Approval Order.

46.     **"Settlement Fund"** means a non-reversionary common fund, paid by or on behalf of TalentLaunch, in the amount of one million two-hundred twenty-five thousand dollars ($1,225,000.00), including any interest accrued thereon after payment, this being the full and complete limit and extent of TalentLaunch's obligations with respect to the Settlement.

47.     **"Settlement Payment"** means the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator from the Settlement Fund.

48.     **"Settlement Website"** means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of the Claim Form, Long Notice, Short Notice, this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, www.TLDataSettlement.com, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a Claim, Objection, Exclusion requests, and the date of the Fairness Hearing. The Settlement

Website is viewed as an important piece of the Notice Plan to Class Members. The Settlement Website will remain active until 120 days after the Effective Date.

49. "**Short Form Notice**" is the postcard notice that will be mailed to the Settlement Class Members, which shall be in a form substantially similar to **Exhibit B** attached hereto.

50. "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## III. <u>SETTLEMENT FUND</u>

51. **Establishment of Settlement Fund**. TalentLaunch agrees to make a payment of, and deposit that payment into, the Settlement Fund as follows: (a) Within twenty (20) days of the Court granting preliminary approval of this Settlement Agreement, TalentLaunch shall pay all costs associated with notifying the Settlement Class Members of this Settlement Agreement in an amount estimated by the Settlement Administrator (said amount being part of and not in addition to the Settlement Fund); (b) within thirty (30) days of the Effective Date, TalentLaunch shall pay into a Qualified Settlement Fund to be established and maintained by the Settlement Administrator the remaining portion of the Settlement Fund; and, (c) within thirty (30) days of the Effective Date, the Settlement Administrator shall pay to Class Counsel any attorneys' fees, costs, expenses, and Service Awards. Settlement Administrator shall use this balance to pay for Costs of Settlement Administration. The Settlement Administrator will provide a W-9 and voided check or official bank letter with ACH payment information at least 14 days before any required payment by TalentLaunch. For the avoidance of doubt, and for purposes of this Settlement Agreement only, TalentLaunch's liability shall not exceed $1,225,000.00.

52. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"). Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

53. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the

entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with this Agreement.

54. **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following (in this order): (1) Administrative Expenses, including the CAFA Notice; (2) Fee Award and Expenses as awarded by the Court; (3) Service Awards approved by the Court; (4) valid claims for Out-of-Pocket Losses and *Pro Rata* Cash Payments; and (5) any *cy pres* award of Remainder Funds (to the extent any exist following the preceding payments). No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court. Responsibility for effectuating payments described in this paragraph shall rest solely with the Settlement Administrator and neither TalentLaunch nor TalentLaunch's agents shall have any responsibility whatsoever with respect to effectuating such payments.

55. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their Counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective Counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV.    SETTLEMENT BENEFITS AND ADMINISTRATION

56. **Claimed Benefits:** All Class Members shall have the opportunity to submit a Claim Form for certain benefits. The claimed benefits, as described below, shall include: (a) Out-of-Pocket Losses and (b) Pro-Rata Cash Payments. Any Valid Claim may be combined with any other Valid Claim. The amount of claimed benefits received will be calculated in the following order: (1) Out of Pocket Losses and (2) Pro-Rata Cash Payment. In the unlikely event that the Settlement Fund is insufficient to cover all Out-of-Pocket Losses, such claims shall be reduced *pro rata* to account for the amount of remaining funds, and no additional monetary benefits shall be paid to any claimants.

57. **Out-of-Pocket Losses.** The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $5,000 per person who is a member of the Settlement Class, upon submission of a claim and supporting documentation, for out-of-pocket monetary losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage,

copying, mileage, and long-distance telephone charges. Settlement Class Members with Monetary Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

58. **_Pro Rata_ Cash Payment.** All Settlement Class Members may file a claim for a cash payment of approximately $53.77, assuming that 10% of the roughly 119,000-person Settlement Class submits Valid Claims. This benefit may be stacked with any claim for Out-of-Pocket Losses. However, the amount of this claim shall be _pro rata_ increased or decreased based on the money remaining in the Settlement Fund after the payment of any Fee Award and Expenses, Service Awards, Administrative Expenses, and claims for Out-of-Pocket Losses. The _pro rata_ payment will not exceed $350. If the Valid Claims rate is closer to 5% of the roughly 119,000-person Settlement Class, it is projected that the pro rata cash payment amount will be roughly $107.55.

59. **Business Practices Changes & Confirmatory Discovery**. TalentLaunch has made or is making improvements to protect sensitive data in its possession. Even though the exact amount of the security upgrades is not available, the upgrades are believed to be significant. Upon request by the Court, TalentLaunch shall file a notice under seal identifying the specific business practice changes that it has implemented since the Data Incident.

60. **Dispute Resolution for Claims.** The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Loss Claims or Lost Time Claims; (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident; and (4) the claimant timely submitted their Claim Form. The Settlement Administrator may, at any time, request from the claimant, in writing, additional information that the Settlement Administrator deems reasonably necessary to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, and claims previously made for identity theft and the resolution thereof. For any such claims that the Settlement Administrator determines to be invalid, the Settlement Administrator will submit those claims to the Settling Parties, by and through their respective Counsel. If, upon meeting and conferring, the Settling Parties disagree as to the Claim validity, then the Claim shall be referred back to the Settlement Administrator for final determination on the Claim validity.

    i. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information and allow the claimant 14 days from the date of the request to cure the defect. If the defect is not cured within the time allotted, then the claim will be deemed invalid.

    ii. Following timely receipt of additional information pursuant to a request by the Settlement Administrator under ¶ 2.6.1, the Settlement Administrator shall have

10 days to accept or reject the Claim. If, after review of the Claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is valid, then the Claim shall be paid. If the Claim is not valid because the claimant has not provided the information requested by the Settlement Administrator, then the Settlement Administrator may reject the Claim without any further action. A defect in one Claim shall not cause rejection of any other Valid Claim submitted by the claimant.

iii.    Class Members shall have 10 days from receipt of the approval of a Claim that provides a payment that deviates from the losses described on the Claim Form to accept or reject the Claim. This provision does not apply where the Claim value deviates due to a *pro rata* increase or decrease.

61.    **Administrative Expenses**: The Settlement Fund amount provided by TalentLaunch, or on behalf of TalentLaunch, will pay the entirety of the settlement administration fees, including the cost of notice and the CAFA Notice. Class Counsel solicited competitive bids for the settlement administration fees and to rely upon postcard notice, all in order to contain the Notice and Administrative Expenses while still providing effective notice to the Class. Administrative Expenses shall be paid through the Settlement Fund and are limited to the common fund amount.

62.    The Settlement Fund represents the total extent of TalentLaunch's monetary obligations under the Settlement Agreement. TalentLaunch's contribution to the Settlement Fund shall be fixed under this Section and shall be final. TalentLaunch shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

63.    Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in a manner mutually agreed upon by the Parties and approved by the Court.

64.    After the Court enters an order approving the final Settlement Agreement, the Settlement Administrator shall provide the approved relief to all Settlement Class Members who made a valid claim within thirty (30) days of the Effective Date, subject to the procedure set forth herein.

65.    The Parties, Class Counsel, and TalentLaunch's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## V. SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

66.    **Notice**. Within fourteen (14) days of the Preliminary Approval Order, TalentLaunch shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days of Preliminary Approval, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members. Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline. The process to issue Notice as described in this paragraph and the creation and maintenance of the Settlement Website www.TLDataSettlement.com shall constitute the "Notice Plan."

67.    **Reminder Notice**. Within forty-six (46) days of the Notice Date, the Settlement Administrator may, with approval of the Parties, mail a Reminder Notice to all Class Members for whom the Settlement Administrator has a valid mailing address.

68.    **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

69.    **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

70.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous 5 years; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

71.    Within seven (7) days of the Opt Out and Objection deadline, the Settlement Administrator shall provide Counsel with a list of any Opt Outs and Objections.

## VI. PRELIMINARY APPROVAL, FINAL APPROVAL AND JURISDICTION

72. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.

73. **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties.

74. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline.

75. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII. MODIFICATION AND TERMINATION

76. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

77. **Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have 60 days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

## VIII.    <u>RELEASES</u>

78.    **Released Parties**. Upon Final Approval of this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge TalentLaunch and TalentLaunch's past or present parents, subsidiaries, divisions, and related or affiliated entities, each of their respective predecessors, successors, members, shareholders, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, includes, without limitation, any person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation (other than any person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge), and includes any entity with whom TalentLaunch contracted that, on behalf of TalentLaunch, held data involved in the Data Incident who is, was or could have been named as a defendant in any of the actions in the Litigation ("Released Parties").

79.    **Released Claims.** Upon Final Approval of this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge any and all past, present, and future claims and causes of action related to the Data Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, et seq., and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; breach of the covenant of good faith and fair dealing; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation ("Released Claims"). Released Claims shall not include the right of any Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any person who has timely excluded themselves from the Class. Released Claims include a waiver of the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by the law of any state, province, or territory of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY**

14

**HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

80.     Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

81.     **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

82.     **Bar to Future Suits.** Upon entry of the Final Approval Order, the Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against TalentLaunch or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, TalentLaunch and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Class Representatives and Class Counsel or based on any actions taken by Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## IX.    SERVICE AWARDS

83.     **Service Awards**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Service Awards for the Class Representatives in recognition for their contributions to this Litigation not to exceed $2,500.00. The Settlement Administrator shall pay the Service Awards to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

84.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the Service Awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## X.    ATTORNEYS' FEES, COSTS, EXPENSES

85.     **Fee Award and Expenses**. Within forty-six (46) after the Notice Date, Class Counsel will file a Fee Application for an award of attorneys' fees to be paid from the Settlement

Fund not to exceed one-third (33.33%) of the Settlement Fund for fees, or $408,333.33, and litigation expenses (exclusive of Administrative Expenses) not exceed $35,000.00. Before the disbursement or payment of the Fee Award and Expenses under this Agreement to the IOLTA trust account of Markovits, Stock & DeMarco, LLC ("MSD"), MSD shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Any Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

## XI.     NO ADMISSION OF LIABILITY

86.      **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

87.      **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by TalentLaunch in the Action or in any proceeding in any court, administrative agency, or other tribunal.

## XII.     MISCELLANEOUS

88.      **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

89.      **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of Notice to the Settlement Class.

90.      **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

91.      **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

92.      **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to

do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

93. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

94. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Ohio, without regard to the principles thereof regarding choice of law.

95. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

96. **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

> Gary M. Klinger*
> **MILBERG COLEMAN BRYSON
> PHILLIPS GROSSMAN PLLC**
> 227 W. Monroe Street, Suite 2100
> Chicago, IL 60606
> Phone: (866) 252-0878
> *gklinger@milberg.com*

All notices to TalentLaunch provided for herein, shall be sent by overnight mail and email to:

> Christopher G. Dean
> **McDonald Hopkins LLC**
> 600 Superior Avenue, Suite  2100
> Cleveland, OH 44114
> Phone: (216) 430-2045
> *cdean@mcdonaldhopkins.com*

The notice recipients and addresses designated above may be changed by written notice.

97. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

Docusign Envelope ID: E337F662-FEF9-4116-B290-12D47D10FDCD

By: _____  Date: February 10, 2025
Christopher G. Dean
*Counsel for Defendant*

By: _____  Date: 2/10/2025
Matthew Lyon
Representative from TalentLaunch

By: *Gary M. Klinger*  Date: February 6, 2025
Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman PLLC
*Counsel for Plaintiffs*

By: _____  Date: _____
Plaintiff James Christian

By: _____  Date: _____
Plaintiff Steve Buyck

By: _____  Date: _____
Plaintiff Charles Leland Perry III

By: _____  Date: _____
Plaintiff David Barker

By: _____  Date: _____
Plaintiff Amanda Lenz

By: _____       Date: _____
    Christopher G. Dean
    *Counsel for Defendant*

By: _____       Date: _____
    Representative from TalentLaunch


By: *Gary M. Klinger*_____       Date: February 6, 2025
    Gary M. Klinger
    Milberg Coleman Bryson Phillips Grossman PLLC
    *Counsel for Plaintiffs*

By: _____       Date: _____
    null jm@lainy@sirillp.com (Feb 6, 2025 22:36 EST)
    Plaintiff James Christian

By: _____       Date: _____
    Plaintiff Steve Buyck

By: _____       Date: _____
    Plaintiff Charles Leland Perry III

By: _____       Date: _____
    Plaintiff David Barker

By: _____       Date: _____
    Plaintiff Amanda Lenz

By: _____       Date: _____
      Christopher G. Dean
      *Counsel for Defendant*

By: _____       Date: _____
      Representative from TalentLaunch

By: _____       Date: _____
      Gary M. Klinger
      Milberg Coleman Bryson Phillips Grossman PLLC
      *Counsel for Plaintiffs*

By: _____       Date: _____
      Plaintiff James Christian

By: *Steven M. Buyck*       Date: 02 / 06 / 2025
      Plaintiff Steve Buyck

By: _____       Date: _____
      Plaintiff Charles Leland Perry III

By: _____       Date: _____
      Plaintiff David Barker

By: _____       Date: _____
      Plaintiff Amanda Lenz

35663063.1

Doc ID: c4b43e587ab1a3d6f788b9dbdffa12615d95fc08

By: _____          Date: _____
    Christopher G. Dean
    *Counsel for Defendant*

By: _____          Date: _____
    Representative from TalentLaunch

By: *Gary M. Klinger*_____          Date: February 6, 2025
    Gary M. Klinger
    Milberg Coleman Bryson Phillips Grossman PLLC
    *Counsel for Plaintiffs*

By: _____          Date: _____
    Plaintiff James Christian

By: _____          Date: _____
    Plaintiff Steve Buyck

By: _____          Date: 02/06/2025
    Plaintiff Charles Leland Perry III

By: _____          Date: _____
    Plaintiff David Barker

By: _____          Date: _____
    Plaintiff Amanda Lenz

By: _____       Date: _____
    Christopher G. Dean
    *Counsel for Defendant*

By: _____       Date: _____
    Representative from TalentLaunch

By: *Gary M. Klinger*_____       Date: February 6, 2025
    Gary M. Klinger
    Milberg Coleman Bryson Phillips Grossman PLLC
    *Counsel for Plaintiffs*

By: _____       Date: _____
    Plaintiff James Christian

By: _____       Date: _____
    Plaintiff Steve Buyck

By: _____       Date: _____
    Plaintiff Charles Leland Perry III

By: _____       Date: 2/10/2025
    Plaintiff David Barker

By: _____       Date: _____
    Plaintiff Amanda Lenz

By: _____       Date: _____
    Christopher G. Dean
    *Counsel for Defendant*

By: _____       Date: _____
    Representative from TalentLaunch


By: *Gary M. Klinger*                 Date: February 6, 2025
    Gary M. Klinger
    Milberg Coleman Bryson Phillips Grossman PLLC
    *Counsel for Plaintiffs*


By: _____       Date: _____
    Plaintiff James Christian


By: _____       Date: _____
    Plaintiff Steve Buyck


By: _____       Date: _____
    Plaintiff Charles Leland Perry III


By: _____       Date: _____
    Plaintiff David Barker

By: _____       Date: 02 / 06 / 2025
    Plaintiff Amanda Lenz

Doc ID: 270d49a69551c90cba13fe0a65a45eb51325e149

**SETTLEMENT TIMELINE**

| FROM DATE OF PRELIMINARY APPROVAL | |
|---|---|
| TalentLaunch provides Class List to the Settlement Administrator | +14 days |
| TalentLaunch Pays Administrative Expenses | +20 days |
| Notice Date | +30 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Opt-Out & Objection Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to Counsel | +97 days |
| Claims Deadline | +120 days |
| **Final Approval Hearing** | +135 days from Preliminary Approval (at least) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |

| FROM ORDER GRANTING FINAL APPROVAL | |
|---|---|
| Effective Date | +30 days (assuming no appeal) |
| TalentLaunch Pays Balance of Settlement Fund | +30 days after Effective Date (assuming no appeal) |
| Payment of Fee Award and Expenses | +30 days after Effective Date (assuming no appeal) |
| Payment of Service Awards | +30 days after Effective Date (assuming no appeal) |
| Payment of Valid Claims | +30 days after Effective Date (assuming no appeal) |
| Settlement Website Deactivation | +120 days after Effective Date |

# __EXHIBIT A__

Docusign Envelope ID: 181B9118-54B4-48E4-BB99-D04EDC69F845

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456 <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MAG. JUDGE JONATHAN D. GREENBERG** |

<u>**EXHIBIT A**</u>

*In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio)

## SETTLEMENT CLAIM FORM

TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT
*www.TLDataSettlement.com* NO LATER THAN <<CLAIM DEADLINE>>.

***ATTENTION****: This Claim Form is to be used to apply for relief related to the Data Incident that Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") discovered in or around May 2023, which potentially affected all individuals to whom TalentLaunch sent notice. There are two types of benefits for which Class Members are eligible: (1) a cash payment of approximately $53.77 (assuming 10% of the Settlement Class submit Approved Claims), but not to exceed $350, and (2) reimbursement of Out-of-Pocket Losses or expenses that are reasonably traceable to the Data Incident, up to a maximum of $5,000.*

*To submit a claim, you must have been identified as an individual whose Private Information was maintained on the TalentLaunch database that was compromised during the Data Incident and received Notice of this Settlement with a Unique ID.*

## FORM OF PAYMENT

By mailing this form to the Settlement Administrator, you will receive payment under this settlement in the form of a check. If you wish to receive an electronic payment, you must submit your Claim Form online at *www.TLDataSettlement.com*.

**Please review this entire Claim Form. Failure to submit required documentation, or to complete all necessary parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

***ASSISTANCE: If you have questions, please visit the Settlement Website at TalentLaunchDataSettlement.com or call <<Settlement Toll Free Phone Number>>.***

## REGISTRATION

First Name:                                          MI:   Last Name:

€€€€€€€€€€€€€€€€€€€€  €  €€€€€€€€€€€€€€€€€€€€

Mailing Address:

€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€

City:                                                            State:       Zip Code:

€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€  €€      €€€€€

Telephone Number:

€€€ – €€€ – €€€€

Email Address:

€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€€

Please provide the Unique ID identified on the Notice that was sent to you:

€€€€€€€€€€€€€€

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## CASH PAYMENT

**Would you like to receive a cash payment under the Settlement?** (select one)

Yes        No

**    *The Parties estimate that payments under this option will be approximately $53.77 to the extent 10% of the roughly 119,000-person Settlement Class submit Valid Claims for pro rata cash payments, and $107.55 to the extent 5% of the roughly 119,000-person Settlement Class submit Approved Claims for pro rata cash payments. However, the value of payments under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits, fees, and expenses. The pro rata payment will not exceed $350. You do not need to suffer Out-of-Pocket Losses or expenses to receive this payment.*

## OUT-OF-POCKET LOSSES

The Settlement also provides reimbursement for Out-of-Pocket Losses or expenses incurred on or after May 2023 as a result of the Data Incident, up to a maximum reimbursement of $5,000. Examples of losses or expenses that can be reimbursed include, but are not limited to, money spent for credit monitoring services, to hire professional services to remedy identity theft, to freeze your credit, or to remedy a falsified tax return or inaccurate entries on your credit report. To obtain reimbursement, you must provide a brief description of what the losses or expenses were for, and provide supporting third-party documentation, such as receipts, bank statements, or reports.

**Did you suffer any financial expenses or losses that you believe were incurred as a result of the Data Incident?** (select one)

Yes        No

*If you selected no*, please proceed to the end of this Claim Form to provide a date and signature.

*If you selected yes*, for each loss or expense that you believe you incurred as a result of the Data Incident, please provide a short description of the loss, the date of the loss, and the type of documentation you will be submitting to support the loss. You must provide ALL of this information for this claim to be processed. **Supporting documents must also be submitted with this Claim Form**. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Please provide only copies of your supporting documents and keep all originals for your personal files.

| Description of the Loss | Date of Loss | Amount | Description of Supporting Documentation |
|---|---|---|---|
| **Example:** Identity Theft Protection Service | 0 6 – 1 7 – 2 2 <br> MM   DD   YY | $ 5 0 • 0 0 | Copy of identity theft protection service bill |
| **Example:** Fees paid to a professional to remedy a falsified tax return | 0 2 – 3 0 – 2 3 <br> MM   DD   YY | $ 3 0 0 • 0 0 | Copy of the professional services bill |
| **Description of the Loss** | **Date of Loss** | **Amount** | **Description of Supporting Documentation** |

| | Date | Amount | |
|---|---|---|---|
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | ▢▢▢▢▢▢ | $ $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |
| | MM – DD – YY | $ ▢▢▢ • ▢▢ | |

## CLASS MEMBER AFFIRMATION

By submitting this Claim Form and signing my name below, I declare that I received notification from Alliance Solutions Group, LLC d/b/a TalentLaunch or the Settlement Administrator that I am a potential Class Member. I declare under penalty of perjury that any losses or expenses identified above were suffered by me on or after May 2023, and that the information I provided is true and accurate to the best of my knowledge.

Signature: [_____]     Date: ▢▢ – ▢▢ – ▢▢
                                         MM    DD    YY

**TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT
*www.TLDataSettlement.com* NO LATER THAN <<CLAIM DEADLINE**

Docusign Envelope ID: 181B9113-54B4-48E4-BB99-D04EDC69F845

# <u>**EXHIBIT B**</u>

Docusign Envelope ID: 181B9118-54B4-48E4-BD99-D04EDC59F845

Settlement Administrator - Case ID
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS  MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT  NO.  XXXX

**ELECTRONIC SERVICE REQUESTED**

<<Refnum Barcode>>

UNIQUE ID: <<Refnum>>

**Postal Service: Please do not mark or cover barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

---

**NOTICE OF CLASS ACTION SETTLEMENT**

**You may be entitled to submit a claim for monetary compensation under a class action settlement.**

**www.TLDataSettlement.com**

**WHO IS A CLASS MEMBER?**

In Docusign Envelope ID: 181B9118-54B4-48E4-BD99-D04EDC59F845 ass Member if you received notice that your personal information was potentially compromised in the data security incident that Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") experienced in May 2023 (the "Data Incident").

**WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?**

Under the settlement, TalentLaunch has agreed to pay $1,225,000 into a Settlement Fund which will be distributed to Class Members who submit Approved Claims. Class Members who believe they suffered Out-of-Pocket Losses or expenses as a result of the Data Incident may claim up to $5,000 for the reimbursement of sufficiently documented losses or expenses. All Class Members may also submit claims to receive additional cash payments of approximately $53.77 (assuming a claims rate of roughly 10% of the 119,000-person Class), which will be *pro rata* adjusted up or down based on the balance of the Settlement Fund after payments for valid Out-of-Pocket Loss or expense claims, Administrative Expenses, attorneys' fees and expenses, and any Class Representative Service Award. The *pro rata* payment will not exceed $350. More information about the types of claims and how to file them is available at **www.TLDataSettlement.com**.

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or complete and submit a Claim Form online at **www.TLDataSettlement.com**. Your Claim Form must be postmarked or submitted online no later than _____, 2025.
**Opt Out.** You may exclude yourself from the settlement and retain your ability to sue TalentLaunch on your own by mailing a written Request for Exclusion to the Settlement Administrator that is postmarked no later than _____, 2025. If you don't exclude yourself, you will be bound by the settlement and give up your right to sue regarding the Released Claims.
**Objecting.** If you do not exclude yourself, you have the right to object to the settlement. Written objections must be signed, postmarked no later than _____, 2025, and provide the reasons for the objection. If you intend to file an objection, please review the full requirements for filing an objection located at **www.TLDataSettlement.com**.
**Do Nothing.** If you do nothing, you will not receive a Settlement Payment and will lose the right to sue regarding the Released Claims.
**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at _____ m. ET on _____, 2025 to determine if the settlement is fair, reasonable, and adequate. All persons who timely object to the settlement may appear at the Final Approval Hearing.
**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court has appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Cassandra Miller of Strauss Borrelli PLLC; Brian Flick of DannLaw, and Tyler Bean of Siri Glimstad to represent the Class.
**Do I have any obligation to pay attorneys' fees or expenses?** No. Attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. Class Counsel will request attorneys' fees in an amount not exceeding $408,333.33, and litigation expenses in an amount not exceeding $35,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website once it is filed.
**How much is the Class Representative Service Award?** The Class Representatives will seek Service Awards in the amount of $4,000 for their efforts in this case.
**Who is the Judge overseeing this Settlement?** United States District Judge Pamela A. Barker.

**Where may I locate a copy of the Settlement Agreement, learn more about the case, update my address or learn more about submitting a claim? www.TLDataSettlement.com.**

*** Please note that if you wish to submit a claim for compensation for Out-of-Pocket Losses, you will likely need to submit your claim online so that you can attach all information necessary to support your request for payment. If you wish to receive just a *pro rata* cash payment, the attached tear off claim form will suffice. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed settlement.**

**Visit www.TLDataSettlement.com or call (XXX) XXX-XXXX**

Docusign Envelope ID: 181B9118-54B4-48E4-BD99-D04EDC59F845

_____

_____

_____

BRM

Postage

Settlement Administrator - Case ID    +++
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Docusign Envelope ID: 181B9118-54B4-48E4-BD99-D04EDC59F845

<<Barcode>>

Unique ID: <<Refnum>>

*In re TalentLaunch Data Breach Litigation*
Case No,: 1:24-cv-0456 (N,D, Ohio)

VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

**CLAIM FORM**

**Claim Forms must be postmarked or submitted online no later than <CLAIMS DEADLINE>**
**Contact Information (Please fill in completely.)**

Unique ID: <<refnum>>

<<firstname>> <<mi>> <<lastname>>
<<address1>>  <<address2>>
<<City>>, <<State>> <<Zip>>

| | |
|---|---|
| If different address from the preprinted data on the left, please print your correct information. | |
| Address | |
| City | State    Zip Code |

(_____) _____ - _____          _____@_____
**Telephone Number**                                        **Email Address**

Select **one** of the following:

☐    *Pro Rata* Cash Fund Payment: All Class Members may also submit claims to receive additional cash payments of approximately $53,77 (assuming a claims rate of roughly 10% of the 119,000-person Class), which will be *pro rata* adjusted up or down based on the balance of the Settlement Fund after payments for valid Out-of-Pocket Loss or expense claims, Administrative Expenses, attorneys' fees and expenses, and any Class Representative Service Awards. The *pro rata* payment will not exceed $350,

**Compensation for Out-of-Pocket Losses (up to $5,000): To file a claim for Out-of-Pocket Losses, do not return this tear-off Claim Form. You must submit your claim online or return the full Claim Form via mail to the Settlement Administrator. You must submit supporting documentation to be compensated for Out-of-Pocket Losses.**

By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge,

Signature: _____          Dated: _____ / _____ / _____

Docusign Envelope ID: 181B9118-54B4-48F4-BB99-D04EDC69F845

# **<u>EXHIBIT C</u>**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456 <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MAG. JUDGE JONATHAN D. GREENBERG** |

## **EXHIBIT C**

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

### *In re TalentLaunch Data Breach Litigation*,
### Case No. 1:24-cv-0456 (N.D. Ohio)

### If You Are Receiving this Notice a Class Action Settlement May Affect Your Rights.

### *The United States District Court of the Northern District of Ohio authorized this Long Form Notice ("Notice"). You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit concerning Alliance Solutions Group, LLC d/b/a TalentLaunch ( "TalentLaunch") and a data incident (the "Data Incident") that occurred in May 2023, when one or more unauthorized individuals accessed information on a database belonging to TalentLaunch, including names, dates of birth, Social Security numbers, drivers' license numbers, state identification numbers, passport numbers, financial account information, digital signatures, medical information, health insurance information, biometric information, and mothers' maiden names (collectively, "Private Information").

- The Litigation is called *In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio). The Litigation asserts claims related to the data Incident. The Defendant in the Litigation is Alliance Solutions Group, LLC d/b/a TalentLaunch. TalentLaunch denies any wrongdoing or that it is or can be held liable for the claims made in the Litigation. The Settlement does not establish who is correct, but rather is a compromise to end the Litigation .

- Class Members are all individuals impacted by TalentLaunch's Data Incident, including all individuals who received notice of the Data Incident that occurred in May 2023. The Class specifically excludes: (i) all persons who timely and validly request exclusion from the Class; (ii) the judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) TalentLaunch's officers and directors, and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

- Class Members are eligible to receive the following relief: (1) up to $5,000 in reimbursement for Out-of-Pocket Losses consisting of actual documented losses or expenses resulting from the Data Incident, and (2) a roughly $53.77 cash payment (assuming a claims rate of 10% of the 119,000-person Settlement Class) that will be *pro rata* reduced or increased based on the money remaining in the Settlement Fund after the payment of attorneys' fees and expenses, The *pro rata* payment will not exceed $350. Settlement Administration expenses, Class Representative Service Awards, and valid claims for Out-of-Pocket Losses. Valid Claims for Out-of-Pocket Losses and *pro rata* cash payments may be combined. The Settlement Administrator will post additional information about the payment amount on www.TLDataSettlement.com. For complete details, please see the Settlement Agreement, whose terms control, available at www.TLDataSettlement.com.

- Your legal rights are affected regardless of whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is <<**Date**>>. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to TalentLaunch and the issues in this case.  The Opt-Out Deadline to exclude from the Settlement is <<**Date**>>. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court explaining why you do not agree with the Settlement. The Objection Deadline to object is <<**Date**>>. |
| **ATTEND THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on <<**Date>> at <<Time**>>. |
| **DO NOTHING** | You get no payment and you give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at www.TLDataSettlement.com.

- The Court in charge of this case still has to decide whether to approve the settlement. No Settlement benefits or payments will be provided unless the Court approves the settlement and it becomes Final.

### BASIC INFORMATION

## What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with TalentLaunch. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement.  This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Pamela A. Barker of the United States District Court for the Northern District of Ohio is overseeing this class action. The case is called *In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio).

James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz are the Plaintiffs or Class Representatives.  The company they sued, Alliance Solutions Group, LLC d/b/a TalentLaunch, is the Defendant.

## What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz, sues on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

## What is this lawsuit about?

The Plaintiffs claim that TalentLaunch failed to implement and maintain reasonable security measures necessary to protect Private Information that it maintained on its database.

TalentLaunch denies any wrongdoing and denies that it is or can be held liable for the claims made in the lawsuit. More information about the allegations in the lawsuit and TalentLaunch's responses can be found in the "Documents" section of the Settlement Website at www.TLDataSettlement.com.

## Why is there a settlement?

The Court has not decided whether the Plaintiffs or TalentLaunch should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Class Members will get compensation now rather than years later—if ever. The Class Representatives and Class Counsel, attorneys for the Class Members, agree the settlement is in the best interests of the Class Members. The settlement is not an admission of wrongdoing by TalentLaunch.

### WHO'S INCLUDED IN THE SETTLEMENT?

## How do I know if I am in the Settlement Class?

You are part of the settlement as a Class Member if your Private Information was compromised in the Data Incident, which occurred in May 2023. The Class specifically excludes: (i) all persons who timely and validly request exclusion from the Class; (ii) the judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) TalentLaunch's officers and directors, and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. Eligible Class Members will have been mailed notice of their eligibility by the Settlement Administrator, and Class membership will be verified against that mailed list. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at <<**Settlement Toll-Free Number**>> or by visiting the Settlement Website at www.TLDataSettlement.com.

## THE SETTLEMENT BENEFITS

**What does the settlement provide?**

This settlement provides eligible Class Members with (1) up to $5,000 in reimbursement for Out-of-Pocket Losses consisting of actual documented Out-of-Pocket Losses or expenses that are fairly traceable to the Data Incident, and (2) a cash payment of approximately $53.77 (assuming a claims rate of 10% of the roughly 119,000-person Settlement Class) that will be *pro rata* increased or reduced based on the money remaining in the Settlement Fund after the payment of attorneys' fees and costs, Administrative Expenses, Class Representative Service Awards, and Approved Claims for Out-of-Pocket Losses. The *pro rata* payment will not exceed $350. Approved Claims for Out-of-Pocket Losses and pro rata cash payments may be combined.

Who May Recover for Out-of-Pocket Losses and for How Much?

- o   If you are a Class Member and you incurred documented out of pocket losses fairly traceable to the Data Incident and/or documented unreimbursed expenses incurred in or after May 2023 that are related to the Data Incident, you may be eligible to receive reimbursement of your losses and expenses up to a total of $5,000 per Class Member. Eligible losses or expenses include, without limitation: (1) unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security Number; (2) unreimbursed costs incurred in or after May 2023 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (3) other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; (4) other mitigative costs fairly traceable to the Data Incident that were incurred in or after May 2023 through the date of the Settlement Class Member's claim submission; and (5) unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

- o   Settlement Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. For complete details, please see the Settlement Agreement, whose terms control, available at www.TLDataSettlement.com. The Settlement Administrator will post additional information about the payment amount on www.TLDataSettlement.com, if necessary.

Who May Receive a separate *Pro Rata* Cash Payment and for How Much?

All Class Members may make a claim to receive a cash payment of approximately $53.77 (assuming a claims rate of 10% of the roughly 119,00-person Settlement Class) that will be

adjusted up or down to account for the money remaining in the Settlement Fund after the payment of attorneys' fees and costs, Settlement Administration costs, Class Representative Service Awards, and valid claims for Out-of-Pocket Losses. Class Members do not need to suffer Out-of-Pocket Losses for eligibility to file a claim for a *pro rata* cash payment.

**Maximum Settlement Contribution:** Under this Settlement, the maximum total amount TalentLaunch may be required to pay is $1,225,000. This maximum includes reimbursements for Out-of-Pocket Losses up to $5,000 and *pro rata* cash payments of approximately $53.77 (assuming a claims rate of 10% of the roughly 119,000-person Settlement Class), attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, any awarded Class Representative Service Awards, and notice and Administrative Expenses for the settlement. In no event shall TalentLaunch's total financial obligation under the Settlement exceed $1,225,000.

### HOW TO GET BENEFITS

## How do I make a claim?

By submitting a valid Claim Form on or before the Claims Deadline of [Month/Date/Year]. If you received the May 2023 data breach notification letter, you can make a claim by filling out and submitting the Claim Form available at www.TLDataSettlement.com. You may also use the tear-off claim form attached to the Postcard Notice mailed to you if you wish to make a claim for a Pro Rata Cash Payment.

You may also submit a paper claim form by mail to the address specified below. You can contact the Settlement Administrator to request a paper claim form by telephone (1-800-XXX-XXXX), email (email address), or U.S. mail Settlement Administrator – Case ID, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX.

Claims will be subject to a verification process. You will need the Unique ID provided on the front of your Short Form Notice to fill out a Claim Form. If you do not know your Unique ID, please contact the Settlement Administrator.

## When will I get my Settlement Payment?

The hearing to consider the fairness of the settlement is scheduled for <<DATE>>., <<TIME>>. If the Court approves the Settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed. Please be patient. Eligible claims will be paid to Class Members via written check unless a Class Member chooses to receive payment electronically. All checks will expire and become void 180 days after they are issued.

## THE LAWYERS REPRESENTING YOU

## Do I have a lawyer in this case?

Yes, the Court has appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, Gary M. Klinger of Milberg Coleman Bryson Phillips, PLLC, Brian Flick of DannLaw, Cassandra P. Miller of Strauss Borrelli, and Tyler Bean of Siri & Glimstad LLP as "Class Counsel."

**Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel are working on your behalf. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you, at your own cost, if you want someone other than Class Counsel to represent you.

## How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, costs, and expenses that will be paid from the Settlement Fund. Class Counsel will not seek more than one-third (1/3) of the Settlement Fund ($408,333.33) in attorneys' fees and up to $35,000 in litigation costs and expenses. Class Counsel will also request a Service Awards of up to $2,500 each for the Class Representatives. The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any Service Award to the Class Representatives. The Court may award less than the amounts requested.

### YOUR RIGHTS AND OPTIONS

## What claims do I give up by participating in this settlement?

If you do not exclude yourself from the settlement, you will not be able to sue TalentLaunch and the other Released Parties about the issues in this case, and you will be bound by all decisions made by the Court in this case, the settlement, and its included release. This is true regardless of whether you submit a Claim Form. You can read the Settlement Agreement at www.TalentLaunchDataSettlement.com. However, you may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not be bound by any of the Released Claims.

"Released Claims" means the following: Upon Final Approval of this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge any and all past, present, and future claims and causes of action related to the Data Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; breach of the covenant of good faith and fair dealing; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution,

and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation ("Released Claims"). Released Claims shall not include the right of any Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any person who has timely excluded themselves from the Class. Released Claims include a waiver of the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by the law of any state, province, or territory of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Agreement in Paragraphs 78-80 describes the Release and Released Claims, and also includes a timeline to submit Valid Claims in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.TLDataSettlement.com or in the public court records on file in this lawsuit.

The Released Claims do not include any claims arising from or relating to any conduct by TalentLaunch after the date the Agreement is executed. The Released Claims shall also not include the right of Plaintiffs, any Class Member, or any Releasing Party to enforce the terms of the Settlement Agreement.

## What happens if I do nothing at all?

If you do nothing, you will receive no payment under the settlement for any losses incurred as a result of the Data Incident. You will be in the Class, and if the Court approves the settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the settlement and will be bound by the Released Claims. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against TalentLaunch for the claims or legal issues resolved in this Settlement.

## What happens if I ask to be excluded?

If you opt out of the settlement, you will not have any rights as a member of the Settlement Class Member under the settlement terms; you will not receive any payment as part of the settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in this lawsuit at your own expense.

## How do I ask to be excluded?

You can ask to be excluded from the settlement. To do so, you must mail a Request for Exclusion

form stating: (1) the name of the proceeding, *In re TalentLaunch Data Breach Litigation*, Case No. 1:24-cv-0456 (N.D. Ohio); (2) your full name; (3) your current address; (4) your personal signature; and (5) the words "Request for Exclusion" and a clear statement of your intent to opt-out of or exclude yourself from the settlement. You must mail your Request for Exclusion, postmarked no later than <<Opt-Out Deadline>>, to the following address:

Settlement Administrator – Case ID
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
*New York, NY 10150-XXXX*

You cannot exclude yourself by phone or email. Each individual who wants to be excluded from the Settlement must submit his or her own Request for Exclusion. No group opt-outs shall be permitted.

## If I don't exclude myself, can I sue TalentLaunch for the same thing later?

No. Unless you exclude yourself, you give up any right to sue TalentLaunch for the claims being resolved by this Settlement even if you do nothing.

## If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## How do I object to the settlement?

If you did not exclude yourself from the Class and think that the Court should not approve the settlement, you can object to the settlement and provide reasons why you think the settlement should not be approved. Such notice must state: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection in the appropriate form must be filed no later than <<Objection Deadline>>. You or your counsel shall file any objection with the Court through the Court's ECF system or by submitting your objection to the Clerk of Court, which is located at the Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113.

## What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

**When and where will the Court hold a hearing on the fairness of the Settlement?**

The Court will hold the Final Approval Hearing on <<**FinalApprovalHearingDateandTime**>> at the Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom **XX.** The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the Service Awards to the Class Representatives.

**Note**: The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.TLDataSettlement.com, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

**Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described above, the Court will consider it. You may also pay a lawyer to attend on your behalf at your own expense, but you don't have to.

**May I speak at the Final Approval Hearing?**

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed settlement.

### GETTING MORE INFORMATION

**Where can I get additional information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www.TLDataSettlement.com**.**

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR ONLINE AT www.TalentLaunchDataSettlement.com, BY CALLING TOLL-FREE AT, <<**SETTLEMENTTOLLFREENUMBER**>>, BY EMAIL AT info@TLDataSettlement.com, OR WRITING TO:

Settlement Administrator – Case ID
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
*New York, NY 10150-XXXX*

**PLEASE DO <u>NOT</u> CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR TALENTLAUNCH WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

Docusign Envelope ID: 181B9118-54B4-48E4-BB99-D04EDC69E845

# **EXHIBIT D**

Docusign Envelope ID: 181B9118-54B4-48F4-BB99-D04EDC69F845

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456 <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MAG. JUDGE JONATHAN D. GREENBERG** |

## <u>EXHIBIT D</u>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
|  | Case No.: 1:24-cv-0456 |
| *In re TalentLaunch Data Breach Litigation* | **JUDGE PAMELA A. BARKER** |
|  | **MAG. JUDGE JONATHAN D. GREENBERG** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

**WHEREAS,** the above-captioned class action is pending in this Court (the "Litigation");

**WHEREAS**, Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against TalentLaunch in the above-captioned action (the "Litigation") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiffs as Class Representative, appointing Class Counsel as counsel for the Settlement Class, appointing Kroll Settlement Administration LLC as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Notice Plan, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(C), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> all individuals impacted by TalentLaunch's Data Incident, including all individuals who received notice of the Data Incident, that occurred in May 2023. The Class specifically excludes: (i) all persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) TalentLaunch's officers and directors, and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge. The Settlement Class includes approximately 119,000 people.

2.    **Class Findings**: The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any

questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3.    **Class Representatives and Settlement Class Counsel**: James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz is hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives. The Court further finds that Terence R. Coates of Markovits, Stock & DeMarco, LLC, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Brian Flick of DannLaw, Cassandra P. Miller of Strauss Borrelli, and Tyler Bean of Siri & Glimstad LLP are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel.

4.    **Preliminary Settlement Approval**.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. For the purposes of preliminary approval, the Court finds the proposed settlement is fair, reasonable, and adequate.

5.    **Final Approval Hearing**.    A Final Approval Hearing shall be held at ___ :____ _.m. on _____ _____, 2025, in the United States District Court for the Northern District of Ohio, at the Courthouse located at the Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 for the following purposes:

   a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c.  To determine whether the notice plan conducted was appropriate;

4

d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

e. To determine whether the requested Class Representative Service Award in the amount of $2,500 to the Class Representatives, and Class Counsel's attorneys' fees not to exceed the amount of $408,333.33 and litigation expenses not to exceed $35,000 should be approved by the Court;

f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g. To rule upon such other matters as the Court may deem appropriate.

6. **Retention of Settlement Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain Kroll Settlement Administration LLC (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below.

7. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Long Form Notice, Summary (or Postcard) Notice, and Claim Form attached to the Settlement Agreement as Exhibits A, B and C, and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' requests for Service Award Payments, of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representatives' requests for Service Award Payments, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law

and rules. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed so long as that date is known at the time of Notice.

8. **Participation in the Settlement**. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety (90) days after Notice is mailed to the Settlement Class Members. If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

9. **Claims Process and Distribution and Allocation Plan**. The Settlement Agreement contemplates a process for the Claim's Administrator to assess and determine the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days after the date Notice is mailed to the Settlement Class Members** (the "Opt-Out/Exclusion Deadline"). The written notification must include the name of

6

the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.    **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed first-class postage prepaid to the Settlement Administrator at the address listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 70 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the

Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous 5 years; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

12.     Any Settlement Class Member who fails to comply with the provisions in Paragraph 11 of this Order may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered. If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Litigation or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payment, or the motion for Fee Award and Costs.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an

admission, concession, or declaration by or against TalentLaunch of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15. **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

16. **Settlement Fund**. The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

17. **Taxes**. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

18.    **Summary of Deadlines**.  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

### SETTLEMENT TIMELINE

| FROM DATE OF PRELIMINARY APPROVAL | |
| --- | --- |
| TalentLaunch provides Class List to the Settlement Administrator | +14 days |
| TalentLaunch Pays Administrative Expenses | +20 days |
| Notice Date | +30 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Opt-Out & Objection Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to Counsel | +97 days |
| Claims Deadline | +120 days |
| **Final Approval Hearing** | +135 days from Preliminary Approval (at least) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |

| FROM ORDER GRANTING FINAL APPROVAL | |
| --- | --- |
| Effective Date | +31 days (assuming no appeal) |
| TalentLaunch Pays Balance of Settlement Fund | +30 days after Effective Date (assuming no appeal) |
| Payment of Fee Award and Expenses | +30 days after Effective Date (assuming no appeal) |
| Payment of Service Awards | +30 days after Effective Date (assuming no appeal) |
| Payment of Valid Claims | +30 days after Effective Datae (assuming no appeal) |
| Settlement Website Deactivation | +120 days after Effective Date |

**IT IS SO ORDERED** this ___ day of _____, 2025.

_____

Hon. Pamela A. Barker
United States District Judge

# <u>EXHIBIT E</u>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456 <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MAG. JUDGE JONATHAN D. GREENBERG** |

**<u>EXHIBIT E</u>**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No.: 1:24-cv-0456<br><br>**JUDGE PAMELA A. BARKER**<br><br>**MAG. JUDGE JONATHAN D. GREENBERG** |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF __) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF ___) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (ECF ___) ("Settlement Agreement") entered into between Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant Alliance Solutions Group, LLC d/b/a TalentLaunch ("TalentLaunch") and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

1.      The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3.      The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4.      The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, the Parties thereto, including the Class and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5.      The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6.      The Court dismisses with prejudice the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7.      The Court grants final approval of the appointment of Terence R. Coates of Markovits, Stock & DeMarco, LLC, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Brian Flick of DannLaw, Cassandra P. Miller of Strauss Borrelli, and Tyler Bean of Siri & Glimstad LLP as Class Counsel.

8.      The Court grants Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF ____). The Court awards Class Counsel $_____ in attorneys' fees and $_____ for the reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable. The Court also approves settlement administration expenses to be paid from the Settlement Fund in the amount of $_____.

9.      The Court grants final approval of the appointment of James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz as Class Representatives.

10.     The Court awards each Class Representative a service award of $2,500 for their service to the Class.

11.     On ▒▒▒▒▒▒▒▒▒▒, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF ____) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and set ▒▒▒▒▒▒▒▒▒▒, 2025 as the Final Approval Hearing to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

12.     The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

13.     The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process. The fact that the Notices reached ___% of the Class indicates that the Notice program was successful and consistent with Fed. R. Civ. P. 23 and due process.

14.     The Court finds TalentLaunch has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

15.     The Court certifies the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class: "all individuals impacted by TalentLaunch's Data Incident, including all individuals who received notice of the Data Incident, that occurred in May 2023.**

The Class specifically excludes: (i) all persons who timely and validly request exclusion from the

Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) TalentLaunch's officers and directors, and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge. The Settlement Class includes approximately 119,000 people.

16.     The Court finds that the Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that (a) the Class of approximately 119,000 individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

17.     This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of surviving dispositive motions practice, certifying this action as a class action, and of prevailing on the claims at trial, including the considering TalentLaunch's likelihood of success of prevailing on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of

the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a.   The terms of the Settlement Agreement were fairly and honesty negotiated;

    b.   The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

    c.   The value of immediate recovery by way of a $1,225,000 non-reversionary common fund outweighs the possibility of future relief that could occur, if at all, only after further protracted litigation and appeals;

    d.   The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Settlement Class Counsel determining that it is in the best interest of the Class Members;

18.    As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

19.    _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

20.    Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata*, collateral

estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

21.     The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

22.     This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against TalentLaunch of any claim, any fact alleged in Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of TalentLaunch or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

23.     This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by TalentLaunch, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by TalentLaunch, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

24.     The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by TalentLaunch that Plaintiffs' claims or any similar claims are suitable for class treatment.

25.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason this Final Approval Order and the Preliminary Approval Order shall be deemed vacated,

and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

**IT IS SO ORDERED this ___ day of _____, 2025**

_____
Hon. Pamela A. Barker
United States District Judge