# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *In re TalentLaunch Data Breach Litigation* | Case No. 1:24-cv-0456<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge Jonathan D. Greenberg |

**DECLARATION OF TERENCE R. COATES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1. I am the managing partner of the law firm of Markovits, Stock & DeMarco, LLC ("MSD"). I am one of the attorneys representing Plaintiffs in this matter, and I have monitored my firm's and my co-counsel's participation in this matter from 2024 to the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling many class action cases, and the events of this litigation.

2. My firm has been centrally involved in all aspects of this litigation from the initial investigation to the present. Gary M. Klinger, Cassandra P. Miller, Brian Flick, Tyler J. Bean, and I have been the primary points of contact for Plaintiffs and Plaintiffs' Counsel with counsel for Defendant Alliance Solutions Group, LLC, d/b/a TalentLaunch ("TalentLaunch" or "Defendant"). Plaintiffs' Counsel all undertook this matter on a contingent fee basis with the risk of achieving no recovery at all. Additionally, Counsel have incurred reasonable litigation expenses that remain unreimbursed.

3. I have been practicing law since 2009 and have 15 years of experience handling complex class action cases. I am currently the Vice President of the Cincinnati Bar Association's Board of Trustees and the Executive Director of the Potter Stewart Inn of Court. I am a frequent speaker for the plaintiff's perspective on recent trends in data privacy class action cases at conferences including: The Sedona Conference Working Group 11 Midyear Meeting 2022, *Emerging issues in privacy and cybersecurity class action litigation*, in Cleveland, Ohio on November 3, 2022; Trial Lawyers of Mass Tort's conference in Big Sky, Montana in March 2023; the NetDiligence cybersecurity summit in Ft. Lauderdale, Florida in February 2023; the Beazley Insurance national conference in Ft. Lauderdale, Florida in March 2023; the JAMS roundtable for selecting mediators in September 2023; Trial Lawyers of Mass Tort's conference in Cabo, Mexico in December 2023; Class Action Money & Ethics Conference in New York, New York, in May 2024; HarrisMartin's MDL Conference in Nashville, Tennessee, in September 2024 (*Data Privacy Cases are Much More Than Data Breach*); The Geneva Association 2024 Cyber Conference in New York, New York (panel on *Evolving Third-Party Liabilities in Cyber*, Nov. 12, 2024); and the Trial Lawyers of Mass Tort's 2024 conference in Cabo, Mexico (panel moderator on *Recent Issues in Data Breach Litigation*, Nov. 21, 2024). Furthermore, I am participating as a member of Plaintiffs' Counsel/Class Counsel in over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel or proposed Class Counsel in *In re Advocate Aurora Health Pixel Litigation*, No. 22-CV-1253 (E.D. Wis.) (class counsel for a $12.225 million data privacy class action settlement); *Tracy v. Elekta, Inc.*, No. 1:21-cv-2851 (N.D. Ga.) (class counsel in $8,900,000 data privacy class action settlement); *Sherwood v. Horizon Actuarial Servs., LLC*, No. 1:22-cv-1495 (N.D. Ga) (class counsel for an $8,733,446.36 data breach class action settlement); *In re Novant Health, Inc.*, No. 1:22-CV-00697 (M.D.N.C.) (member of plaintiffs'

2

counsel in a $6,660,000 million data privacy class action settlement); *Durgan v. U-Haul Int'l Inc.*, No. 2:22-cv-01565 (D. Ariz.) (class counsel for $5,085,000 data breach class action settlement); *Owens v. U.S. Radiology Specialist, Inc.*, No. 22 CVS 17797 (Mecklenburg Cnty. Super. Ct., N.C.) (class counsel for $5,050,000 data breach class action settlement); *In re U.S. Vision Data Breach Litig.*, No. 1:22-cv-6558 (D.N.J.) (class counsel for a $3.45 million data breach class action settlement with Nationwide Sightcare); *Phillips v. Bay Bridge Administrators, LLC*, No. 23-cv-00022 (W.D. Tex.) (class counsel for a $2,516,890 data breach class action settlement). Exhibits containing the firm resumes of proposed Class Counsel are attached as **Exhibits A** (Markovits, Stock & DeMarco, LLC), **B** (Milberg Coleman Bryson Phillips Grossman, PLLC), **C** (Strauss Borrelli PLLC), **D** (DannLaw), and **E** (Siri & Glimstad, LLP) to this Declaration.

4. Ohio federal courts have recognized me and my firm as experienced in handling complex cases including class actions. *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *see also Schellhorn v. Timios, Inc.*, No. 2:21-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigating consumer protection class actions . . . ."); *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead

3

Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role.").

## THE DATA INCIDENT

5. Plaintiffs filed a consolidated class action complaint on June 12, 2024, in this case resulting from their Personal Information being included in Defendant's May 2023 Data Incident.

6. After the consolidated class action complaint was filed, the Parties began exploring the possibility of settlement and mediation. The Parties filed a Joint Motion to Stay Proceedings pending mediation, which the Court granted on August 7, 2024.

7. The Parties agreed to mediate this case with Bruce Friedman—a mediator with substantial experience with data privacy class actions. The Parties exchanged detailed mediation statements before the November 6, 2024 all-day mediation. The Parties' negotiations were arm's-length in that each side were strident in their mediation positions while still remaining professional. Through these settlement negotiations, Plaintiffs were able to confirm the class size of roughly 119,000, determine the data sets potentially compromised in the Data Breach, number of impacted individuals with Social Security numbers, insurance coverage, and potential defenses. The mediation did not result in a settlement in principle. After the mediation, the Parties continued to mediate between themselves and ultimately were able to reach a settlement in principle for a $1,225,000 non-reversionary common fund settlement for the class of approximately 119,000 individuals. Furthermore, Defendant implemented business practice changes to improve Defendant's information security following the Data Breach.

8. This Settlement is the result of months of arm's-length negotiation and hard bargaining. After reaching an agreement in principle and throughout the course of the Parties' negotiations of the terms of the Settlement Agreement, Plaintiffs' counsel and Defendant's counsel

4

worked to reach the final terms of the comprehensive Settlement Agreement. Through these protracted settlement discussions, the Parties were able to evaluate the strengths and weaknesses of their case and evaluate damages on a potential classwide basis. Furthermore, Plaintiffs' counsel and Defendant's counsel are experienced in handling data breach class actions such as this one and know the complexities of these cases. As a result of these negotiations, I can confirm that the Parties and their counsel support this Settlement, and believe it is fair and reasonable.

## **THE SETTLEMENT & ITS BENEFITS**

9. The Settlement in this matter will provide tangible cash benefits to Class Members who submit valid claims under the $1,225,000 non-reversionary Settlement Fund.

10. From the Settlement Fund, Class Members will receive a projected cash payment estimated to be between $53.77 and $107.55 per claimant, and will be capped at $350 per claimant (subject to a *pro rata* increase or decrease) and the ability to receive up to $5,000 for documented out-of-pocket losses, after the deduction of the payment to Kroll for Costs of Settlement Administration, for attorneys' fees and expenses, and Class Representative Service Awards.

11. In my experience of handling many data breach class actions around the country including many other common fund cases, the payment of $1,225,000 for a common fund settlement for roughly 119,000 class members (equivalent to over $10 per Class Member) is a reasonable recovery and one that compares favorably to other data breach class action settlements.

12. Through Class Counsel's representation of many similar classes of plaintiffs in data breach class actions, Class Counsel is informed about the deductions from the proposed Settlement Fund in this case and opines that the pro rata cash payment made available to Class Members submitting valid claims will range between approximately $53.77 and $107.55. Through Class

Counsel's representation of plaintiffs in similar cases, Class Counsel's experience is that it is more likely than not that $25,000 or less will be validly claimed for out-of-pocket expenses.

### **KROLL IS WELL QUALIFIED TO ACT AS THE SETTLEMENT ADMINISTATOR**

13. Understanding that settlement administration costs and expenses will be deducted from the Settlement Fund, Class Counsel sought to engage the service of a settlement administrator with experience handling data privacy class actions and providing cost-effective services, and obtained estimates from three such companies. I reviewed them in detail, and concluded that Kroll's settlement administration quote and pricing offered the best scope of services at the best possible price for the Class. Notably, Kroll's bid included comprehensive settlement administration services and a price that is favorable to the Class. I have received and reviewed hundreds of settlement administration bids during my career and am very familiar with what a reasonable settlement administration bid is per class member while factoring in the size of the class and the primary notice method. After receiving Kroll settlement administration quote including the scope of service, I can confirm that the quote is reasonable and in the Class's best interests.

14. Kroll is a qualified class action settlement administration company, as evidenced in the documentation supporting its declaration in support of the notice program.

### **THE NOTICE PROGRAM IS ADEQUATE**

15. The Notice plan in this case consists of sending each Class Member the Short Form Notice with tear off claim form included via regular U.S. Mail. The Long Form Notice and full Claim Form will be posted on the Settlement Website. Additional case information including important documents from this case will also be posted on the Settlement Website.

6

## **CLASS COUNSEL'S ATTORNEYS' FEES & EXPENSES ARE REASONABLE**

16. Under the Settlement, Class Counsel may seek up to one-third of the Settlement Fund ($408,333.33) as attorneys' fees and up to $35,000.00 in expenses, which shall be paid from the Qualified Settlement Fund.

17. Class Counsel have undertaken this case on a contingent fee basis. They have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses.

18. Courts within the Sixth Circuit routinely award attorneys' fees up to one-third of the common fund amount in data breach class action settlements. *Migliaccio v. Parker Hannifin, Corp.*, No. 1:22-cv-835, Doc. 42, ¶ 7 (N.D. Ohio Aug. 2, 2023) ($583,333.33 fee award from a $1,750,000 common fund in a data breach class action settlement before the motion to dismiss decision was rendered); *Tucker v. Marietta Area Health Care Inc.*, No. 1:11-cv-184, Doc. 38, ¶ 7 (S.D. Ohio Dec. 8, 2023) ($583,333.33 fee award from a $1,750,000 common fund in a data breach class action settlement after the motion to dismiss was decided); *Phelps v. Toyotetsu N. Am.*, No. 6:22-cv-106, Doc. 47, PageID # 542 (E.D. Ky. Oct. 25, 2023) (granting attorneys' fees of one-third of the common fund in a data breach class action settlement before a motion to dismiss decision was rendered); *In re CorrectCare Data Breach Litig.*, No. 5:22-319, 2024 WL 4211480, at *4 (E.D. Ky. Sept. 17, 2024) (approving attorneys' fees of one-third of the $6,490,000 settlement fund); *In re Marshall & Melhorn, LLC Data Breach Litig.*, No 3:23-cv-1181, ECF No. 34, ¶ 7 (N.D. Ohio Jan. 13, 2025).

19. Furthermore, Ohio state courts also routinely award attorneys' fees up to one-third of the common fund in class action settlements, including those on analogous data breach facts. *See e.g., In re Southern Ohio Health System Data Breach*, No. A 2101886 (Hamilton C.P.) (awarding one-third of common fund as reasonable attorneys' fees in Ohio data breach class action

7

in 2023); *McKittrick v. Allwell Behavioral Health Servs.*, No. CH 2022-0174 (Muskingum C.P.) (same); *Gero v. MedInform*, No. 23CV981382 (Cuyahoga C.P.) (same in 2024); *Pascute v. Amotec*, No. CV239762881 (Cuyahoga C.P.) (same in 2024).

20. Class Counsel and Plaintiffs' counsel have invested considerable time and resources into the prosecution of this action.

## SIMILAR DATA BREACH SETTLEMENTS

21. Class Counsel opine that this $1,225,000 Settlement is fair and reasonable for the roughly 119,000 Class Members. Their opinion is informed by other data breach class action settlements based on the per class member recovery amount. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, private information such as Social Security numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
| --- | --- | --- | --- | --- |
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-6846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Boykin v. Choice Health Insurance, LLC* | No. 4:22-cv-03940 (D.S.C.) | $500,000 | 68,177 | $7.33 |
| *Julien v. Cash Express, LLC* | No. 2022-CV-221 (Putnam Cnty., Tenn.) | $850,000 | 106,000 | $8.02 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |
| *Phillips v. Bay Bridge Administrators, LLC* | No. 23-cv-00022 (W.D. Tex.) | $2,516,890 | 251,890 | $10.00 |
| ***In re TalentLaunch Data Breach Litigation*** | **No. 1:24-CV-0456 (N.D. Ohio)** | **$1,225,000** | **119,000** | **$10.29** |
| *Lamie v. Lendingtree, LLC* | No. 3:22-cv-00637 (W.D.N.C.) | $875,000 | 69,142 | $12.66 |
| *Pederson v. AAA Collections, Inc.* | No. 4:22-cv-4166 (D.S.D.) | $865,000 | 66,488 | $13.00 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,843 | $15.10 |

8

Class Counsel and Plaintiffs believe that the Settlement in this case is fair and reasonable in that it exceeds the settlement amount recovered per class member in other recent data breach class action settlements and is in the range of reasonableness.

### THE CLASS REPRESENTATIVE SERVICE AWARDS OF $2,500.00 ARE REASONABLE AND JUSTIFIED

22. The proposed Class Representatives, James Christian, Steve Buyck, Charles Leland Perry, III, David Barker, and Amanda Lenz, have been active participants in this case. They have generally stayed informed about this litigation, reviewed and approved the settlement demand and final settlement amount, and the Settlement Agreement. They have spent substantial time and effort protecting the Class's interests. Class Representatives have no conflicts of interest with other Settlement Class Members, are subject to no unique defenses, and they have and continue to vigorously prosecute this case on behalf of the Settlement Class. Accordingly, the $2,500.00 Service Award to each Class Representative is reasonable given the efforts of each Class Representative on behalf of the Class in this matter. Furthermore, the Class Representative Service Awards here are less than what has been approved in other common fund data breach class action settlements. *See Lutz v. Electromed, Inc.*, No. 0:21-cv-02198, Doc. 73 (D. Minn.) (service award of $9,900 in a data breach class action); *Parker Hannifin* ($3,500 service awards), *Marietta Area Health Care* ($5,000 service awards), *Toyotetsu* ($5,000 service award), and *Jackson v. Nationwide Retirement Solutions, Inc.*, No. 2:22-cv-3499, 2024 WL 958726, at *7 (S.D. Ohio Mar. 5, 2024) ($5,000 service awards to each of the class representatives).

### THE SETTLEMENT IS FAIR, REASONABLE AND A STRONG RECOVERY FOR THE CLASS

23. Class Counsel believe the Settlement is fair, reasonable, and adequate.

24. Furthermore, in my and my co-counsel's experience in handling over 100 data breach class action cases for plaintiffs, we hold the informed opinion that the $1,225,000 non-

9

reversionary common fund settlement is fair and reasonable for roughly 119,000 Class Members. The settlement afforded here, as compared to the uncertainty of damages even following a successful finding of liability, is reasonable and weighs in favor of preliminary approval.

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746(2) that the foregoing is true and correct.

Executed on February 10, 2025, at Cincinnati, Ohio.

>*/s/ Terence R. Coates*
> Terence R. Coates