IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: TALENTLAUNCH DATA BREACH LITIGATION | Case No. 1:24-CV-0456 |
| | JUDGE PAMELA A. BARKER |

### ORDER

Currently pending is the Motion for Preliminary Approval of Class Action Settlement (Doc. No. 19) (the "Motion") of Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz (together, "Plaintiffs"). Defendant Alliance Solutions Group, LLC d/b/a TalentLaunch LLC ("Defendant" or "TalentLaunch") (together with Plaintiffs, the "Parties) does not oppose the Motion. For the reasons below, the Court finds that it requires additional information from the Parties to evaluate the Motion. Accordingly, by no later than **March 18, 2025**, the parties shall submit briefing regarding the following issues:

1. **Jurisdiction**. In the Consolidated Complaint (Doc. No. 8), Plaintiffs state that this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because: (1) "The amount in controversy exceeds $5 million, exclusive of interest and costs," (2) "the number of class members is over 100[,]" and (3) "Minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because many putative class members, including Plaintiff Buyck and Plaintiff Perry III, are citizens of a different state than Defendant." (*Id.* at ¶ 23.) Plaintiffs do not address the issue of jurisdiction in their Motion (Doc. No. 19-5), and, upon review, the Court is not certain that the amount in controversy requirement is met.

Specifically, the Proposed Settlement Agreement (Doc. No. 19-1 at PageID#s 199-223) indicates that the settlement amount is $1,225,000, which is less than the jurisdictional amount of $5,000,000 required by CAFA. The Court, however, does "not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiffs in good faith cannot claim the jurisdictional amount." *Kuns v. Ford Motor Co.*, 543 F. Appx 572, 575 (6th Cir. 2013) (quoting *Charvat v. NMP, Ltd. Liab. Co.*, 656 F.3d 440, 447 (6th Cir. 2011)). When a party invokes CAFA as the basis for diversity jurisdiction, the district court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction, and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The Consolidated Complaint alleges that the "Class consists of 119,261 clients of TalentLaunch whose data was compromised in the Data Breach." (Doc. No. 8 at ¶ 180.) But it does not allege the value of each claim. Given the size of the class, any relief exceeding $41.92 per class member would satisfy the jurisdictional amount under CAFA. Therefore, in their supplemental briefing, Plaintiffs must demonstrate that at the time they filed the Consolidated Complaint, Plaintiffs believed in good faith that they valued each claim at an amount sufficient to satisfy CAFA's jurisdictional amount.

2. **Preliminary Injunction**. The Proposed Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval (Doc. No. 19-1) provides that: "Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities." (*Id.* at PageID# 254, ¶ 15.)

This proposed order purports to (1) enjoin state court proceedings, and (2) issue an injunction before certification of the class. While the All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to issue such commands "'as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained[,]'" *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004) (quoting *United States v. N.Y. Tel.*, 434 U.S. 159, 172 (1977)), the Anti-Injunction Act, 28 U.S.C. § 2283, withdraws certain injunctions against state proceedings from the court's ambit of authority. It provides that a district court "'may not grant an injunction to stay proceedings in a State court except (1) as expressly authorized by Act of Congress, or (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments.'" *Lorillard Tobacco Co. v. Chester*, 589 F.3d 835, 844 (6th Cir. 2009) (quoting 28 U.S.C. § 2283) (numerals added). Therefore, this Court may enjoin state court proceedings "where necessary in aid of its jurisdiction." *Id.*

Under this exception, where the district court exercises *in rem* jurisdiction[1] "the federal court is empowered to enjoin any state court proceeding affecting that *res*" because if the state court "exercised jurisdiction over the same *res*" that would "necessarily impair[,]" the jurisdiction of the federal court. *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 336 (2d Cir. 1985); *see also Lorillard*, 589 F.3d at 848. In *Lorillard*, for instance, the Sixth Circuit affirmed the Southern District of Ohio's injunction against a Florida state court, but only because (1) "the district court in its *final* judgment enjoined the parties from bringing any claim

---

[1] "A class action suit is analogous to an *in rem* action where it is intolerable to have conflicting orders from different courts." *Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC*, 38 F.4th 501, 507 (6th Cir. 2022) (cleaned up).

3

related to the subject matter of the Settlement Agreement" and (2) the district court was proceeding in an interpleader action with "exclusive control over the *res*[.]" *Id.* at 848-49 (emphasis added).

Plaintiffs do not identify the purported source of the Court's authority to enjoin state court proceedings or absent class members before final certification of the class, or otherwise cite authority supporting the imposition of a preliminary injunction under the circumstances presented herein. Therefore, in the supplemental briefing, the Parties shall provide legal authority to support their contention that the Court has the authority, under these circumstances, to impose a preliminary injunction on (1) state court proceedings; and (2) the entire universe of putative class members existing prior to final certification. In addition, the Parties shall state whether there is currently any other litigation (state or federal) pending against TalentLaunch relating to the Released Claims.

3. **Notice to State Officials**. Section 28 U.S.C. § 1715(b) provides that each defendant participating in a proposed settlement subject to CAFA shall serve upon the "***appropriate State official*** of each State in which a class member resides" a notice of the proposed settlement consisting of a copy of the complaint, notice of any scheduled judicial hearings, proposed or final notices to class members, proposed or final class action settlements, any final judgments or notices of dismissal and either the names of class members who reside in each state or an estimate of the number of class members residing in that state. 28 U.S.C. § 1715(b) (emphasis added). While in his Declaration Scott Fenwick (Doc. No. 19-3) avers that the Settlement Administrator "will send the CAFA Notice, which identifies how to access required documents relating to the settlement, via first-class certified mail to (a) the Attorney General of the United States; and (b) the ***applicable state Attorneys General***[,]" the Parties have not identified the state attorneys general to whom they intend to send the

notices. (*Id.* at PageID# 279.) Therefore, in their supplemental briefing, the Parties shall furnish a list of the specific attorneys general to whom they intend to send the notice.

4. **Sole Discretion of the Settlement Administrator**. As written, the Proposed Settlement Agreement delegates "sole discretion" to the Settlement Administrator to determine the validity of a claim. Paragraph 60 provides that:

> The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Loss Claims or Lost Time Claims; (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident; and (4) the claimant timely submitted their Claim Form.

(Doc. No. 19-1 at PageID# 209, ¶ 60.) Then, if the Settlement Administrator denies a claim, the Settlement Administrator would "submit those claims to the Settling Parties, by and through their respective Counsel. If, upon meeting and conferring, the Settling Parties disagree as to the Claim validity, then the Claim shall be referred back to the Settlement Administrator for final determination on the Claim validity." (*Id.*)

The Court is of the opinion that it, and not the Settlement Administrator, should determine the final validity of claims. Therefore, in their briefing, the Parties shall identify specific language that would alter the Proposed Settlement Agreement such that the Court, rather than the Settlement Administrator, would retain the final authority to determine the validity of claims.

5. **Settlement Timeline Discrepancy**. The Proposed Settlement Agreement defines the "Effective Date" as "the date when the Settlement Agreement becomes Final, which is thirty (30) days after the Court's grant of the Final Approval Order[.]" (*Id.* at PageID# 203, ¶ 20.) The Settlement Timeline attached thereto indicates that the Effective Date occurs "+30 days (assuming

no appeal)" after the Final Approval Order. (*Id.* at PageID# 223.) However, the Settlement Timeline incorporated into the Proposed Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval indicates that the Effective Date would occur "+31 days (assuming no appeal)" after the Final Approval Order. (*Id.* at PageID# 255.) The Court merely highlights this discrepancy now for the Parties to address in what the Court anticipates will be the filing of a revised Proposed Order after the supplemental briefing has been filed and the Court has evaluated the issues to be addressed therein.

**IT IS SO ORDERED**.

Date: March 4, 2025

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE