**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| *In Re TalentLaunch Data Breach Litigation* | Case No. 1:24-cv-0456 |
| | Judge Pamela A. Barker |
| | Magistrate Judge Jonathan D. Greenberg |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to this Court's March 4, 2025 Order (ECF No. 21), Plaintiffs James Christian, Steve Buyck, Charles Leland Perry, III, David Barker, and Amanda Lenz (collectively, "Plaintiffs") submit the following Supplemental Memorandum in Support of Preliminary Approval of Class Action Settlement. Class Counsel met and conferred with Defendant's counsel before submitting this Supplemental Memorandum. Declaration of Terence R. Coates in Support of Plaintiffs' Supplemental Memorandum in Support of Preliminary Approval of Class Action Settlement ("Coates Supplemental Decl.), ¶ 1 (attached as **Exhibit 1**).

1. **Plaintiffs had a good-faith basis for alleging the $5 million amount in controversy under the Class Action Fairness Act exists in this case.**

"In general, when a plaintiff invokes federal-court jurisdiction, 'the plaintiffs' amount-in-controversy allegation is accepted if made in good faith.'" *Bhasin v. United Shore Fin Servs., LLC*, No. 20-13278, 2022 WL 662284, at *6 (E.D. Mich. Mar. 4, 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Plaintiffs alleged five causes of action: (1) negligence; (2) negligence per se; (3) breach of contract; (4) breach of implied contract; (5) unjust enrichment; (6) breach of fiduciary duty; and (7) declaratory judgment. *See generally* ECF No. 8. Furthermore, Plaintiffs alleged that they and the Class "have suffered and are at an imminent,

immediate, and continuing risk of suffering, ascertainable losses in the form of harm from identity theft and other fraudulent misuse of their Private Information, the loss of the benefit of the bargain, out-of-pocket expenses incurred to remedy or mitigate the effects of the Data Breach, and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach." ECF No. 8, Consolidated Class Action Complaint ("CAC"), ¶ 10.

Plaintiffs' allegation that the $5 million or more amount in controversy was made in good faith at the time of the filing of the Consolidated Class Action Complaint. CAC, ¶ 23; Coates Supplemental Decl., ¶ 2. This allegation was based on several factors and considerations, including the size of the class, counsel's extensive experience handling similar claims, and estimated damages in comparable cases. *Id*. For example, in *Paige v. Cinfed Federal Credit Union*, No. 1:23-cv-00830- DRC, ¶¶ 15-21 (S.D. Ohio Dec. 20, 2023), the defendant removed a 57,959-person data breach class action to federal court while alleging that the CAFA $5 million amount in controversy was satisfied. *See* **Exhibit 2**, Notice of Removal. In *Paige*, Cinfed cited the costs of credit monitoring to establish the $5 million amount-in-controversy under CAFA:

> For instance, Experian's ProtectMyID product, a leading credit monitoring and identity theft protection product, costs $24.99 per month, and thus $299.88 per year. This figure approximates the potential per-year, per-person costs of just one category of alleged damages that Plaintiffs has placed in controversy. For a class alleged to be 57,959 individuals strong, even one year of credit monitoring would amount to more than $5 million.

*Id*. at ¶ 21.

The Cinfed matter was later consolidated into the lead case *Davis v. Cinfed Federal Credit Union*, No. 1:23-cv-776 (S.D. Ohio), and has gained preliminary approval of class action settlement. Coates Supplemental Decl., ¶ 3. Here, the alleged Class consists of roughly 119,000 individuals. Utilizing Cinfed's credit monitoring costs of $299.88 per person, the estimated cost

would exceed $35 million (119,000 x $299.88), far surpassing the CAFA amount-in-controversy threshold.

Furthermore, courts within the Sixth Circuit routinely approve data breach class action common fund settlements below $5 million where federal court jurisdiction has been alleged under the CAFA:

| Case Name | Case Number | Settlement Amount | Class Size |
|---|---|---|---|
| *Phelps v. Toyotetsu N. Am.* | No. 6:22-cv-106 (E.D. Ky.) | $400,000 | 11,916 |
| *In re Cinfed Federal Credit Union Data Breach Litig.* | No. 1:23-CV-776 (S.D. Ohio) | $700,000 | 58,000 |
| *In re Marshall & Melhorn, LLC Data Breach Litig.* | No. 3:23-CV-01181 (N.D. Ohio) | $800,000 | 47,000 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-cv-835 (N.D. Ohio) | $1,750,000 | 115,000 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 |

Coates Supplemental Decl., ¶ 4.

**2. The Parties will remove the preliminary injunction text from the proposed preliminary approval order.**

The Parties met and conferred and agree to remove the reference to a preliminary injunction from the proposed Preliminary Approval Order. The Parties have attached a redline version of the proposed Preliminary Approval Order as **Exhibit 3** identifying the proposed removal of the preliminary injunction. *Id*. at ¶ 15.

**3. Notice to State Officials.**

Kroll Settlement Administration, LLC issued the CAFA Notice on February 20, 2025, ten days after Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action settlement consistent with CAFA. *See* 28 U.S.C. § 1715(b). Attached as Exhibit A to the Supplemental Coates Declaration is the cover letter Kroll sent to the various attorneys general including the service list

identifying the specific individual the CAFA notices were directed.  Kroll compiled the service list for the various attorneys general based on the Class Member information Kroll received from Defendant.

**4.  The Parties agree that the Court shall have the final determination on a Settlement claim's validity.**

The Parties agree that the Court shall have final authority to determine the validity of a settlement claim instead of the Settlement Administrator. The Parties have proposed additional text to the Proposed Preliminary Approval Order in redline form to identify that the Court will have the final authority to determine claim validity. *See* Exhibit 2, ¶ 6. This proposed language would supersede the text in paragraph 60 of the Settlement Agreement.

**5.  The Effective Date is 30 days after the Court's potential grant of final approval.**

The Parties agree that the Effective Date will be 30 days after the Court's potential grant of final approval of class action settlement (assuming no appeal is taken). Accordingly, the Parties propose that the timeline within the Proposed Final Approval Order will control the remaining events in this case, to the extent preliminary approval of class action settlement is granted.

The Parties are willing to further edit the Proposed Preliminary Approval Order at the Court's instruction, and are open to participating in a telephone conference with the Court to finalize any further edits to the proposed Preliminary Approval Order.

Dated: March 18, 2025                      Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*

Brian D. Flick (0081605)
**DANNLAW**
15000 Madison Avenue
Lakewood, Ohio 44107
Telephone: (513) 645-3488
Facsimile: (216) 373-0536
*bflick@dannlaw.com*

Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI, PLLC**
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60601
Telephone: (872) 263-1100
Facsimile: 872) 263-1109
*cmiller@straussborrelli.com*

Tyler J. Bean (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: *tbean@sirillp.com*

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
*gklinger@milberg.com*

Christopher Wiest (0077931)
**CHRIS WIEST, ATTORNEY AT LAW, PLLC**
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
*chris@cwiestlaw.com*

Thomas A. Zimmerman, Jr. (*pro hac vice*)
**ZIMMERMAN LAW OFFICES, P.C.**
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*

5

*Counsel for Plaintiffs and the Putative Class*

\* Motion for Appearance *Pro Hac Vice* pending

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I served the foregoing upon counsel for all parties by filing it with the Court's electronic-filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E).

/s/ *Terence R. Coates*
Terence R. Coates

6